Kinsey C. J.
delivered the opinion of the Court.
This cause comes before us, involving principles which so rarely occur, that I cannot recollect ever having heard, read of, or met with any of a similar character.
It is an ejectment for the recovery of an island in the river .Delaware, and neither of the contending parties set up, or pretend any title, derived either from the king or the proprietaries; from one of which sources, every title heretofore brought before us for our decision has been deduced, or attempted to be deduced; and the legality and solidity of these foundations has never been questioned.
*102 The ground of the plaintiff’s claim, as it has been laid before us, appears to be, an ancient possession in one Gould., continued by himself until his death in 1743, in his widow from that period until her own death in 1749, and in the daughters until 1756, at which period, as they state, (but no evidence of this fact appears,) one Logan forcibly dispossessed them, and has retained possession from that time. A complete deduction of title has been made out from the heirs of Gould to the lessors of the plaintiff.
The title on the part of the defendant commences with a possession by Logan, who sells his rights by an informal kind of instrument to Bristol in 1766, Bristol conveyed to Ridley, Ridley to Tardley in 1775, and Tardley to White the defendant in 1776, for a valuable consideration. The paper title of the defendant has always been accompanied with the possession.
There are some circumstances attending the possession of Gould which merit consideration. It was a possession of a very imperfect and vague description. He appears to have built a srpall house, where he kept books and a table; whether he ever slept in it, is uncertain from the evidence. He occasionally went to it for several years, during which time his family resided on his property on the adjacent shore of New-Jersey. ' He removed this small building some years before his death, and during the whole period of this possession, he never cleared, fenced, or improved any part of the land, — nor is this all which it is important to keep in mind. It has been further proved that no exclusive property in this island was ever claimed by Gould, especially after the removal of his study; that it was common to every body, and the neighbours were in the habit of driving their cattle upon it at pleasure.
On the contrary, the possession of the defendant, and of those under whom he claims, has been accompanied with the usual marks of property; they have fenced, cleared, built and otherwise improved it.
Much other evidence has been adduced, but the facts which I have stated seem to embrace all that is important in the present controversy." In general it may be remarked* *103 that the plaintiff claims under a priority of possession, or a possession of twenty years, which he contends he has proved. Either of these grounds would be sufficient to warrant a recovery against one circumstanced as the defendant is, unless he has suffered his rights to expire and wear out in silence.
Our opinion must be wholly founded upon the possessory right of one or the other of the parties, and we are all of opinion that the possession proved in Gould, is not a title upon which a recovery can be had, for,
1st. He did no other act than to build a house in which he occasionly read; he neither cleared, fenced, nor in any manner improved the land; it was apparently, a possession limited to the convenience of a house or place of study, on an unoccupied island.
2nd. He removed this small building some years prior to his death, and subsequent to this removal, it does not appear that either he or his wife exercised any other, or higher acts of ownership, than were exercised by every other person in the vicinity.
3rd. The island appears to have been a kind of asylum or place of refuge to all who were desirous of avoiding the legal process of the two neighbouring States.
A possession of tbis nature has no legal operation, and can confer no legal title, especially against the right of the crown, which was noturn omnibus, and which, whether righteously acquired from the Indian primitive owners, or not, must be recognized and acquiesced in by all its own subjects.
The possession of Gould thus acquired, and thus retained does not appear to bear any marks of a claim or title to an exclusive appropriation or property. No such intention on, his part is apparent in any of his acts. He did what every other person might have done, and little more than every one sn the neighbourhood was accustomed to do; he used the island for a present conveniency, without any design of acquiring a legal, future, or substantial interest in the soil. Even this species of possession, vague and imperfect as it unquestionably was, appears to have been relinquished some time previous to bis death, and we are of opinion that the facts proved did amount to a full and complete relinquishment. No claim derived under his possession was ever again *104 set up, until others had occupied the vacant situation, and acquired such rights as this mode o£ acquisition and tenure can give.
A priority of possession, within the limits of an established government, or a possession for a series of years, accompanied with marks of exclusive property, (and without these marks no possession can give a title,) is, and ought to be, uniformly recognized as one means of acquiring an exclusive property. The right founded however on possession only, must be deduced from a known visible adverse possession and use — not a mere paper or unknown claim. It is the interest of all governments to put an end to controversies, particularly when real estate is the subject matter of dispute, and a continued a’nd uninterupted possession, furnishes a strong presumption of title in the possessor, and of acquiescence on the part of every other person. But a possession like Gould's, of an island, antecedent to the establishment of any government, or the settlement of any jurisdiction; unaccompanied with any marks of a sole or separate property^ where no presumption can be raised in favour of the original validity of the title, because there was no one from whom such title could have been acquired; where the presumption arising from the acquiescence of others is rebutted by the circumstance that there was no government or legal tribunal exercising jurisdiction over this land, is not, in our opinion, a sufficient title to recover in an action of ejectment.
This would be our opinion provided the possession of the defendant had been too recent to have raised any presumption in favour of his claim. But the circumstances of his case are more favourable. We think the facts proved are sufficient evidence of an adverse possession, at least from 1766, attended with every mark of separate appropriation and claim to the fee. Clearly then the plaintiff has shown no title upon which he could recover, if none had been exhibited on the part of the defendant, and unquestionably he has produced none to warrant a recovery against a bona fide purchaser as the defendant is, who gave a valuable consideration for the land, and who by his continued and undisputed separate possession has cured every original defect in his title.
Let the plaintiff be called and
NQNSUITEP.